

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. AP-76,195 & AP-76,196

### EX PARTE RAYMOND EARL JACKSON, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS CAUSE NO. F-0455434-MH, F-0455330-MH IN THE CRIMINAL DISTRICT COURT FROM DALLAS COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two violations of protective orders. Upon revocation of his community supervision, he was sentenced to eight years' imprisonment for each violation. He did not appeal his convictions.

Applicant contends that he was denied the right to appeal because he was not informed that he had a right to appeal the revocations of his community supervision and no notices of appeal were filed.

After a remand for a response from counsel and additional findings and conclusions, the trial court determined that Applicant was denied his right to appeal the revocations of community supervision. We find, therefore, that Applicant is entitled to out-of-time appeal in the judgments of conviction in Case Nos. F-0455434-MH and F-0455330-MH from the Criminal District Court of Dallas County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Delivered: August 19, 2009
Do Not Publish